UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
TRUSTEES OF THE NEW YORK CITY DISTRICT                    :
COUNCIL OF CARPENTERS PENSION FUND,                       :
WELFARE FUND, ANNUITY FUND, AND                          :
APPRENTICESHIP, JOURNEYMAN RETRAINING,                   :
EDUCATIONAL AND INDUSTRY FUND, *et al.*,                  :
                                                          :
                              Petitioners,                :
                                                          :
            -v-                                           :            25 Civ. 7676 (JPC)
                                                          :
S&N BUILDERS, INC.,                                       :            OPINION AND ORDER
                                                          :
                              Respondent.                 :
                                                          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Petitioners[1] seek to confirm an October 18, 2024 arbitral award against Respondent S&N

Builders, Inc. ("S&N").  For the reasons explained below, the Court grants the petition to confirm

and further awards Petitioners their attorneys' fees and costs in bringing this action.

## I.  Background

S&N is subject to Project Labor Agreements ("PLAs") that require it, on behalf of certain

employees, to make contributions to specified employee benefit trust funds.  Dkt. 1 ("Petition"),

Exh. B Art. 11, § 2; Petition, Exh. C Art. 11, § 2.  The PLAs also bind S&N to an Independent

Building Construction Agreement, Petition, Exh. D ("CBA"), which, in turns, requires S&N to

abide by all by-laws, rules, procedures, and policies adopted to regulate the funds, *id.* Art. XV,

---

[1] This Opinion and Order uses the term "Petitioners" to refer to: (1) Trustees of the New
York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and
Apprenticeship, Journeyman Retraining, Educational and Industry Fund; (2) Trustees of the New
York City Carpenters Relief and Charity Fund; and (3) The Carpenter Contractor Alliance of
Metropolitan New York.

§ 3. One such policy is a Revised Statement of Policy for Collection of Employer Contributions. Petition, Exh. I ("Collection Policy"). The Collection Policy provides for arbitration of actions against S&N to collect delinquent contributions. *Id.* § VI. The CBA and the Collection Policy further provide that in such an arbitration, Petitioners are entitled to collect (1) any delinquent contributions owed by S&N; (2) interest on the unpaid contributions; (3) a delinquency assessment that may entail liquidated damages; (4) audit costs; and (5) reasonable costs and attorneys' fees. CBA Art. XV, § 6; Collection Policy §§ IV (11), V (4)-(6).

Pursuant to the CBA and the Collection Policy, S&N permitted Petitioners to conduct an audit for the period between September 27, 2021 and November 19, 2024, which revealed that S&N failed to pay $12,404.31 in required contributions. Petition, Exh. J ("Audit Report"). S&N refused to pay these contributions, so Petitioners initiated arbitration. On October 18, 2024, the arbitrator rendered an award of $46,934.55 in favor of Petitioners. Petition, Exh. N ("Award") at 7. The Award consisted of (1) $12,404.31 in unpaid contributions owed by S&N; (2) interest on the unpaid contributions totaling $2,623.14; (3) $2,686.52 in liquidated damages; (4) $200.76 in unpaid promotional fund payments owed by S&N; (5) $9,631.30 in auditor's fees; (6) $3,112.60 in attorneys' fees; (7) an arbitration fee of $2,100; and (8) $14,175.92 in interest on past contribution payments which were untimely. *Id.*; *see also id.* at 8 (additionally determining that Petitioners are entitled to court costs if they need to seek judicial enforcement of the Award). The arbitrator also ordered S&N to pay prejudgment interest at a rate of 10.5%, beginning on October 18, 2024, in the event that the Award was not paid within ten days. *Id.* at 8; *see also id.* at 3 n.4.[2]

---

[2] Purporting to cite Section V(1) of the Collection Policy, the arbitrator stated in the Award that the "rate [for interest due on contributions from the date they were due until paid] is 2% over the Citibank rate which during the relevant period here was 10.5%." Award at 3 n.4. That provision of the Collection Policy, however, provides that "[i]nterest owed by a delinquent

S&N failed to pay the arbitrator's Award, so Petitioners filed the instant Petition on September 16, 2025 to confirm the Award under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. Dkt. 1. While S&N appeared in the arbitration, S&N has not opposed the Petition or otherwise appeared in this action.

## II. Legal Standard

An unanswered petition to confirm an arbitration award is generally treated as an unopposed motion for summary judgment. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (explaining that "generally a district court should treat an unanswered removed petition to confirm/vacate as an unopposed motion for summary judgment"). Under this approach, "'the petition and the accompanying record' become 'a motion for summary judgment'" evaluated under the usual Rule 56 standard. *Trs. of UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co.*, 462 F.3d at 109); *see* Fed. R. Civ. P. 56.

Summary judgment under Rule 56 is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). The movant bears the initial burden of "demonstrating the absence of a genuine

---

employer shall be calculated at the prime lending rate of JPMorgan Chase Bank plus 200 basis points." Collection Policy § V(1). Under either calculation, however, the rate of prejudgment interest would be 10.5%.

issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). If met, the burden shifts to the non-movant "to present evidence sufficient to satisfy every element of the claim." *Id.* The non-movant "may not rely on conclusory allegations or unsubstantiated speculation," and "must offer some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks omitted). The non-movant must present more than a mere "scintilla of evidence." *Anderson*, 477 U.S. at 252.

This standard applies equally to unopposed motions for summary judgment. *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."). Therefore, to confirm an unopposed petition, the court must decide whether the undisputed facts establish that the petitioner is entitled to judgment as a matter of law. *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 WL 3844619, at *2 (S.D.N.Y. Aug. 1, 2014) ("[L]ike unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" (quoting *D.H. Blair & Co.*, 462 F.3d at 110)).

### III. Discussion

**A.    The Court Confirms the Arbitration Award.**

Petitioners seek confirmation of the arbitrator's Award of $46,934.55, with prejudgment interest of 10.5% beginning on October 18, 2024, and postjudgment interest at the normal statutory rate.

Confirming an arbitration award under the LMRA, like under the Federal Arbitration Act ("FAA"), entails only "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted) (applying the FAA); *see Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. PM Contracting Co.*, No. 18 Civ. 6563 (KPF), 2019 WL 1557114, at *2 n.3 (S.D.N.Y. Apr. 10, 2019) (explaining that although "[t]he LMRA, not the [FAA], governs" review of a petition to confirm under the LMRA, the FAA remains "useful as a source of principles . . . in the context of a petition to confirm or vacate an arbitration award" (internal quotation marks omitted)); *1199 SEIU United Healthcare Workers E. v. Lily Pond Nursing Home*, No. 07 Civ. 408 (JCF), 2008 WL 4443945, at *3 (S.D.N.Y. Sept. 29, 2008) ("The FAA is particularly useful in the context of a petition to confirm or vacate an arbitration award because both the FAA and the LMRA allow only limited judicial review of arbitration decisions.").

Judicial review of the merits of an arbitration award is "severely limited so as not unduly to frustrate the goals of arbitration, namely, to settle disputes efficiently and avoid long and expensive litigation." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Fine Mill Work Corp.* ("*Metro. Fine Mill*"), No. 14 Civ. 2509 (PAE), 2015 WL 2234466, at *3 (S.D.N.Y. May 12, 2015) (internal quotation marks omitted). Particularly in the LMRA context, an arbitration award should be confirmed "as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *2 (S.D.N.Y. Aug. 29, 2012) (internal quotation marks omitted).

Under the "extremely deferential standard of review" that courts must apply, "only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award," which may be inferred from the record. *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378-79 (2d Cir. 2023) (citation modified); *see also Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) ("[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." (internal quotation marks omitted)).    An arbitration award cannot stand, however, "[i]f it is clear that an arbitrator has exceeded his authority." *Abram Landau Real Est. v. Bevona*, 123 F.3d 69, 74 (2d Cir. 1997) (internal quotation marks omitted).

The Award easily satisfies this permissive standard.  First, the arbitrator "acted within the scope of the authority granted him by the parties" under the CBA and the Collection Policy. *Metro. Fine Mill*, 2015 WL 2234466, at *4; *see* CBA Art. XV, § 7; Collection Policy §§ IV (11), V (4)-(6).   In that sense, "the arbitrator's award draws its essence from the collective bargaining agreement, and is not merely his own brand of industrial justice." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (internal quotation marks omitted); *see also Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 573 (2013) ("[T]he question for a judge is not whether the arbitrator construed the parties' contract correctly, but whether he construed it at all."). Finally, Petitioners timely filed the instant Petition to confirm the Award,[3] and the Award has not been vacated, modified, or corrected.

---

[3] "Since LMRA § 301 does not specify a statute of limitations for commencing an action to confirm or vacate an arbitration award, federal courts borrow the most appropriate state statute." *1199 SEIU United Healthcare Workers E.*, 2008 WL 4443945, at *2 (citing *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)).  Under New

Thus, the Court concludes that there is no genuine dispute of material fact and that Petitioners are entitled to judgment as a matter of law confirming the Award.

**B.    The Court Approves Petitioners' Requested Attorneys' Fees and Costs.**

Petitioners also request $5,854.50 in attorneys' fees and $484.50 in costs arising out of this proceeding to confirm the Award.

"It is well-settled that courts may award reasonable attorneys' fees and costs in connection with a petition to confirm an arbitration award when, as here, the opposing party has neither abided by the arbitrator's decision nor responded to the petition for confirmation." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Budd Woodwork Inc.*, No. 24 Civ. 8560 (JPC), 2025 WL 934360, at *4 (S.D.N.Y. Mar. 27, 2025); *see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." (internal quotation marks omitted)); *see also Drywall Tapers & Pointers of Greater N.Y. Loc. Union 1974 v. Nat'l Drywall Inc.* ("*Drywall Tapers*"), No. 24 Civ. 3690 (RA), 2024 WL 4666181, at *2 (S.D.N.Y. Nov. 4, 2024) (collecting cases). S&N has neither paid the Award nor responded to the instant Petition for confirmation of the Award, so the Court awards attorneys' fees to Petitioners.

York Civil Practice Law and Rules Section 7510, the prevailing party in an arbitration must commence an action to confirm an award within one year of delivery of the award.

The Court finds Petitioners' requested attorneys' fees to be reasonable. The requested attorneys' fees represent (1) 14.9 hours of work, billed at a rate of $325 per hour, by Allison Herstic, an associate at the law firm of Virginia & Ambinder, LLP; (2) 1.9 hours of work, billed at a rate of $430 per hour, by Maura Moosnick, a partner at the same law firm; and (3) 0.6 hours of work, billed at a rate of $325 per hour, by Lillianna Iorfino, an associate at the same law firm. Petition, Exh. P. Ms. Herstic is a 2023 graduate of Cardozo Law School and her practice primarily involves labor and ERISA litigation. Petition ¶ 44. Ms. Moosnick is a 2021 graduate of Fordham University School of Law, her practice primarily involves representing multiemployer benefit funds, and she has experience handling petitions to confirm arbitration awards on behalf of such funds. *Id.* ¶ 43. Ms. Iorfino is a 2021 graduate of Brooklyn Law School with experience in complex commercial litigation matters. The Court finds Ms. Herstic's, Ms. Moosnick's, and Ms. Iorfino's billing rates and expenditures of time to be reasonable. *See Hotel & Gaming Trades Council, AFL-CIO v. Key Hotels, LLC*, No. 25 Civ. 4983 (LJL), 2026 WL 751214, at *2 (S.D.N.Y. Mar. 17, 2026) ("Courts have regularly awarded partners an hourly rate of $500 or higher in cases seeking confirmation of an arbitral award."); *Drywall Tapers*, 2024 WL 4666181, at *3 ("Courts in this district have found that fees at a rate of $300 per hour are appropriate for petitions to confirm arbitration awards.").

The Court also finds that the requested $484.50 in costs, which consists of $79.50 in service fees and $405 in court fees, *see* Petition ¶ 48, is appropriate. *See Trs. of Dist. Council No. 9 Painting Indus. Ins. Fund v. Speedo Corp.*, No. 21 Civ. 3705 (RA), 2022 WL 604678, at *4 (S.D.N.Y. Mar. 1, 2022).

Accordingly, the Court awards Petitioners $5,854.50 in attorneys' fees and $484.50 in costs.

8

### IV.  Conclusion

For these reasons, the Court grants Petitioners' Petition to confirm the Award.  The Clerk of Court is respectfully directed to enter judgment in favor of Petitioners and against S&N in the amount of $46,934.55, with prejudgment interest at a rate of 10.5% beginning on October 18, 2024.  The Clerk of Court is also directed to enter judgment in the amount of $5,854.50 in attorneys' fees and $484.50 in costs.  Postjudgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full.  The Clerk of Court is further respectfully directed to close this case.

SO ORDERED.

Dated:  April 30, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

9